## PUTZIGER v. THORNTON–FULLER CO.

### No. 3865.

District Court, E. D. Pennsylvania.

June 11, 1945.

Felix & Felix, of Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price & Smith, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

Defendant, a contractor manufacturing mobile repair shops for the Government, ordered from the plaintiff, a jobber, drills of various sizes and types at different times between March 14 and April 9, 1943. In placing these orders an employee of the defendant would call the plaintiff on the telephone and tell him what drills were required. The plaintiff would then ship the same if he had them in stock or, if not, take steps to procure them, and the defendant would then send a so-called "confirming order" by mail to the plaintiff, sometimes before and sometimes after deliveries under the order had begun.

The plaintiff made partial shipments on four such orders and then demanded payment for the goods delivered. He was informed by the defendant that it was not its custom to pay for goods shipped on any order until the order had been filled completely but, he could be paid if the orders were cancelled so that the defendant's books would show that all deliveries due under them had been made. The plaintiff testified that the defendant assured him that, after the orders had been cancelled, and he had received payment, new orders would be issued to cover the undelivered portions. The defendant's witnesses denied that any such arrangement was made. As appears from the answers to the requests, my finding is that the plaintiff's story is substantially the correct version of the transaction.

■■ It is clear that if this suit were based upon the defendant's promise to give new orders, treating it as a new contract, then there could be no recovery, because of the Statute of Frauds, since the contract would be for an amount far in excess of $500. There is no suggestion in the case of an agreement on the defendant's part to waive the Statute. It is also clear that, if the promise to give new orders be treated simply as one provision of the contract of rescission, it could not be considered by the Court, because of the parol evidence rule, since a promise to do or to refrain from doing something in the future, which promise is not later car-

ried out, does not constitute such fraud as will take the case out of the rule.

The plaintiff's theory of his cause of action is neither of the foregoing, but he contends that the contract of rescission was obtained by fraud and is therefore void, and that the original contract is still in force and that the defendant has breached it by refusing to accept further deliveries. This contention is not well founded, for, as pointed out above, a promise to do something in the future which is not carried out is not the kind of fraud which will invalidate a contract, nor is it a misrepresentation of a material fact. To sustain the plaintiff's position would be to open the door to the defeat of any novation, because, if a breach should occur in the new contract, the injured party could in every case, at his option, disregard his novated contract and recover on the original contract.

Judgment may be entered accordingly.